Debtor **Miller, Jamin Eugene & Miller, Irene Brown**

United States Bankruptcy Court for the : <u>Middle District of Tennessee</u>

[ ] Check if this is an amended plan

Case number:

Official Form 113

# Chapter 13 Plan

| Part 1: | Notices |
|---|---|

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

In the following notice to creditors and statement regarding your income status, you must check each box that applies.

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance to you. **Boxes must be checked by debtor(s) if applicable.**

[ X ]      **The plan seeks to limit the amount of a secured claim, as set out in Part 3, Section 3.2, which may result in a partial payment or no payment at all to the secured creditor.**

[ ]      **The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, Section 3.4.**

[ X ]      **The plan sets out nonstandard provisions in Part 9.**

**Income status of debtor(s), as stated on Official Form 122-C1**

*Check one.*

[X] The current monthly income of the debtor(s) is less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).

| Part 2: | Plan Payments and Length of Plan |
|---|---|

**2.1 Debtor(s) will make regular payments to the trustee as follows:**

**$ 2,029.00** per **month** for **60** months

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in Parts 3 through 6 of this plan.

**2.2 Regular payments to the trustee will be made from future earnings in the following manner:**

*Check all that apply.*

[ X ] Debtor(s) will make payments directly to the trustee.

**2.3 Income tax refunds.**

*Check one.*

[ X ] Debtor(s) will retain any income tax refunds received during the plan term.

**2.4 Additional payments.**

*Check one.*

[ X ] **None**. If "*None*" is checked, the rest of § 2.4 need not be completed or reproduced.

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $ 121,740.00**

| Part 3: | Treatment of Secured Claims |
| --- | --- |

**3.1 Maintenance of payments and cure of default, if any.**

*Check one.*

[X] The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim or modification of a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease and all secured claims based on that collateral will no longer by treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor.

| Name of Creditor | Collateral | Current Installment payment (including escrow) | Amount of arrearage, if any | Interest rate on arrearage | Monthly plan payment on arrearage | Estimated total payments by trustee |
| --- | --- | --- | --- | --- | --- | --- |
| Pennymac Loan | 3888 Gaine Dr. | 1038.00 Disbursed by [X] Trustee | 2076.00 (July) | 0% | All Funds | 64,356.00 |
| Regions Bank | 873 Lennox Rd. | 500.00 Disbursed by [X] Trustee | 656.00 (July) | 0% | All Funds | 30,656.00 |

**3.2 Request for valuation of security and claim modification.** *Check one.*

[ X ] The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed Amount of secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed Amount of secured claim will retain the lien until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor. See Bankruptcy Rule 3015.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly plan payment to creditor | Estimated total of payments |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Deborah Evans | 5,000.00 | 3888 Gaine Dr./ 873 Lennox Rd. | 235,400.00 | 0 | 5,000.00 | 3.5% | 98.00 | 5,880.00 |
| Title Max | 1,200.00 | 2004 Pontiax | 2,000.00 | 0 | 1,200.00 | 3.5% | 24.00 | 1,440.00 |

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
[X] None. If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

**3.4 Lien avoidance.**

Check one.

[X] **None**. If "*None*" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5 Surrender of collateral.**

*Check one.*

[X] The debtors elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtors consent to termination of the stay under 11 U.S.C. § 362(a) and 1301 with respect to the collateral, upon confirmation of the plan. Any allowed unsured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor | Collateral |
|---|---|
| Midwest America Federal Credit Union | 2015 Forest River Cherokee (No Deficiency) |

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**

Trustee's fees and all allowed priority claims other than those treated in § 4.6 will be paid in full without interest.

**4.2 Trustee's fees**

Trustee's fees are estimated to be **5.00**% of plan payments; and during the plan term, they are estimated to total **$ 5,760.00**

**4.3 Attorney's fees**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be **$ 3,200.00**

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

Check one.
[X] **None**. If "*None*" is checked, the rest of § 4.4 need not be completed or reproduced.

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
[X] **None**. If "*None*" is checked, the rest of § 4.5 need not be completed or reproduced.

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. Check all that apply.

[X] **20.00**% of the total amount of these claims.

**5.2 Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*

[ X ] **None**. If "*None*" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

[X] **None**. If "*None*" is checked, the rest of § 5.3 need not be completed or reproduced.

**5.4 Other separately classified nonpriority unsecured claims.** *Check one.*

[X] **None.** If "*None*" is checked, the rest of § 5.4 need not be completed or reproduced.

6.1 **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

[X] **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor, as specified below. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor.

| Name of Creditor | Description of leased property or executory contract | Treatment (Refer to other plan section if applicable) | Current installment payment | Amount of arrearage to be paid | Estimate total payments by trustee |
|---|---|---|---|---|---|
| AT&T Mobility | Cellphone | Paid by Debtor | 265.00 Disbursed by: [X] Debtor | 0 | 0 |

7.1 **The trustee will make the monthly payments required in Parts 3 through 6 in the following order, with payments other than those listed to be made in the order determined by the trustee:**

1. **Secured Claims**

2. **Attorney's Fees**

3. **Arrearage Claims**

4. **Unsecured Claims**

5. **1305 Claims**

8.1 **Property of the estate will vest in the debtor(s) upon**

*Check the applicable box:*

**[ X ]** entry of discharge.

**None.** If "*None*" is checked, the rest of Part 9 need not be completed or reproduced.

*Nonstandard provisions are required to be set forth below.*

**These plan provisions will be effective only if the applicable box in Part 1 of this plan is checked.**

Postpetition claims allowed pursuant to 11 U.S.C. § 1305 shall be paid in full but subordinated to the payment of unsecured claims as provided in Paragraph 3 above.

## Mortgage language

1. Trustee and/or debtor retain the right to pursue any causes of action for the benefit of the debtor and/or the estate-including avoidance and recovery actions and actions that would upset the liens of creditor treated as secured under the confirmed plan.

2. Confirmation of this Plan shall impose upon any claimholder treated under paragraph 3(c) above and, holding as collateral, the debtor's residence, the obligation to:

   a. Apply the payments received from the Trustee on preconfirmation arrearages only to such arrearages. For purposes of this Plan, the "preconfirmation" arrears shall include all sums included in the allowed proof of claim plus any postpetition preconfirmation payments due under the underlying mortgage obligation not specified in the allowed proof of claim. Monthly ongoing mortgage payments shall be paid by the trustee

commencing with the later of the month confirmation or the month in which a proof of claim itemizing the arrears is filed by such claimholder.

b. Treat the mortgages obligation as current at confirmation such that future payments if made pursuant to the plan,shall not be subject to late fees, penalties or other charges.

The Trustee may adjust the post-petition regular payments noted above and payments to the plan in paragraph 3 upon filing notice of such adjustment to debtor, debtor's attorney, creditor, and the U.S. Trustee where, and to the extent the underlying contract provides for modification.

The Trustee is authorized to pay any post-petition fees, expenses, and charges, notice of which is filed pursuant to Rule 3002.1, F.R.B.P. And as to which no objection is raised, at the same disbursement level as the arrears claim noted above.

Creditors not advising the Trustee of change of address may be deemed to have abandoned claim.

## Part 10: Signatures

X /s/ Robert H. Moyer                              Date **June 7, 2016**
**Signature of Attorney for Debtor(s)**

X /s/ Jamin Eugene Miller                          Date **June 7, 2016**

X /s/ Irene Brown Miller                           Date **June 7, 2016**

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**